******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* NECTOR MARRERO
(SC 20525)

McDonald, D'Auria, Mullins, Kahn, Ecker and Keller, Js.

Argued March 30—officially released May 31, 2022

*Procedural History*

Substitute information charging the defendant with the crimes of home invasion, burglary in the first degree and assault in the second degree, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the jury before *White, J.*; verdict and judgment of guilty, from which the defendant appealed to the Appellate Court, *Prescott, Elgo* and *Sheldon, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Julia K. Conlin*, assigned counsel, with whom was *Emily Graner Sexton*, assigned counsel, for the appellant (defendant).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Paul J. Ferencek*, state's attorney, and *Joseph C. Valdes*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Nector Marrero, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court affirming his conviction of home invasion in violation of General Statutes § 53a-100aa (a) (1), burglary in the first degree in violation of General Statutes § 53a-101 (a) (3), and assault in the second degree in violation of General Statutes § 53a-60 (a) (1). *State* v. *Marrero*, 198 Conn. App. 90, 94, 136, 234 A.3d 1 (2020). On appeal, the defendant contends that the Appellate Court incorrectly concluded that the prosecutor had not engaged in prosecutorial impropriety by using leading questions during his direct examination of a hostile witness.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court correctly conclude that the prosecutor's asking leading questions of a hostile witness during direct examination did not constitute prosecutorial impropriety?" *State* v. *Marrero*, 335 Conn. 961, 239 A.3d 1214 (2020).